UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| ROBERT MASON<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC.<br><br>Defendants. | CIVIL COMPLAINT<br><br>CASE NO. 3:18-cv-01452<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** ROBERT MASON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of OCWEN LOAN SERVICING, LLC ("Ocwen") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Ocwen seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

2. All of the claims stated herein stem from the wrongful debt servicing and debt collection activities, primarily in the form robocalls, related to Plaintiff's mortgage loan.

3. The number of Americans that have complained about harassing robocalls has dramatically increased in recent years.

4. According to recent testimony by Federal Trade Commission ("FTC") officials before US House and Energy Commerce Subcommittee, in the fiscal year 2017 alone, more than 4.5 million people complained to the FTC about illegal robocalls. *See* https://www.ftc.gov/news-events/press-

1

releases/2018/07/ftc-testifies-house-energy-commerce-subcommittee-about-agencys (last visited, July 26, 2018).

5. In 2017, American consumers and businesses received 30.5 billion robocalls surpassing the prior national record of 29.3 billion robocalls set in 2016. *See* https://www.prnewswire.com/news-releases/robocall-epidemic-breaks-annual-record-with-305-billion-calls-in-2017-300580916.html (last visited July 26, 2018).

6. The TCPA was enacted to prevent companies like Ocwen from invading peoples' privacy and to prevent illegal robocalls.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is conferred upon this Court by 12 U.S.C. § 2605, Title 11 of U.S.C., and 28 U.S.C. §§1331, 1337, as the action arises under the laws of the United States.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Ocwen conduct business in the Southern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Illinois.

## PARTIES

9. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Carlyle, Illinois.

10. Ocwen is a default mortgage servicer with its principal place of business located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33146. Ocwen is engaged in the business of collecting, or attempting to collect, mortgage loans owed or due, or asserted to be owed or due, to others, using the mail and telephone, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

11. Approximately 15 years ago, Plaintiff executed a mortgage loan ("subject loan") from Bank of O'Fallon ("O'Fallon").

12. Shortly thereafter, Ocwen began servicing the loan.

13. In or about 2014, Plaintiff applied for and obtained a loan modification from Ocwen.

14. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of a cellular telephone with the assigned number ending in 9355. Plaintiff is and has always been financially responsible for this cellular phone and its services.

15. In 2015, Plaintiff suffered a cervical neck injury.

16. As a result of the injury, Plaintiff has been unable to work.

17. Consequently, Plaintiff fell behind on his mortgage and defaulted on the subject loan.

18. Plaintiff remained diligent in trying to keep up with his mortgage payments.

19. Upon information and belief, Plaintiff is currently no more than two months behind on his mortgage payments if he is behind at all.

20. Since, at least 2014, if not sooner, Ocwen has harassed Plaintiff with hundreds, and perhaps over a thousand, robocalls to his cellular phone.

21. Plaintiff repeatedly asked Ocwen to stop making phone calls to his cellular phone, but Ocwen refused. Plaintiff approximates that he asked Ocwen to stop calling in excess of 100 times.

22. On multiple occasions, Plaintiff has advised Ocwen to either email or call him at home and even provided Ocwen with his home telephone number.

23. In one conversation with Ocwen, Plaintiff advised the Ocwen representative that he had repeatedly asked Ocwen to stop calling his cell phone and asked why Ocwen continued to call despite the demands to stop. Plaintiff also asked whether the representative had such notes

reflecting the multiple requests to stop calling in his computer. The Ocwen representative only responded that a computer system makes the outgoing calls which then get transferred to them and that they (the Ocwen representatives) have no control over the calls that are made.

24. The calls from Ocwen generally came from phone number 618-746-2936.

25. Plaintiff told Ocwen to stop calling as recently as June 12, 2018, but Ocwen continued with the barrage of robocalls. Ocwen continues to call Plaintiff today.

26. Plaintiff recalls speaking with different Ocwen agents and sometimes receiving 4 or more calls from various agents in any given day. Ocwen also called Plaintiff on weekends.

27. In the calls that Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while the caller's telephone system attempted to connect the Plaintiff to an Ocwen representative.

28. Upon information and belief, Ocwen recorded most, if not all, of the calls made to Plaintiff.

29. Upon information and belief, in addition the numerous harassing phone calls, Ocwen wrongfully assessed thousands of dollars of interest after the effective date of the loan modification.

30. Upon information and belief, Ocwen assessed and collected unauthorized fees and costs after the effective date of the loan modification.

31. Plaintiff has requested an accounting for the subject loan from Ocwen on multiple occasions, but Ocwen has refused to provide it.

32. Upon information and belief, Ocwen has no system in place to document and archive when consumers revoke consent to be contacted on their cellular phones.

33. Upon information and belief, Ocwen knew its collection tactics were in violation of the TCPA and FDCPA, yet still continued to use them despite receiving innumerable oral instruction to the contrary.

34. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to cease Ocwen's collection tactics.

35. Plaintiff has suffered and continues to suffer emotional distress as a direct result of the unlawful collection practices of Ocwen.

36. Ocwen's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

37. Plaintiff has been tormented by Ocwen's unlawful attempts to collect the subject debt.

38. Ocwen's phone harassment campaign has caused Plaintiff actual harm, including but not limited to invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, increased usage of his telephone services, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

39. Plaintiff has been forced to retain counsel to end Ocwen's unlawful collection activities.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Ocwen placed or caused to be placed many non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

42. The TCPA prohibits calling persons on their cell phone using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii). The TCPA defines

ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

43. Based on the pause and lack of prompt human response during the phone calls in which Plaintiff answered, Ocwen used a predictive dialing system to place calls to Plaintiff.

44. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

45. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

46. Upon information and belief, the predictive dialing system employed by Ocwen transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

47. Ocwen, through its agents, representatives, and/or employees acting, within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

48. Ocwen violated the TCPA by placing hundreds, if not over one thousand phone calls, to Plaintiff's cellular phone using an ATDS without his express consent. Prior consent, if any, was revoked in excess of 100 times.

49. As pled above, Plaintiff was harmed by Ocwen's collection calls to his cellular phone.

50. Pursuant to 47 U.S.C. §227(b)(3)(B), Ocwen is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Ocwen's willful and knowing violations

of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff ROBERT MASON requests that this Honorable Court:

a. Declare Ocwen's phone calls to Plaintiff to be a violation of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
c. Award Plaintiff reasonable attorney fees and costs; and
d. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

51. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

52. The Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

53. The subject loan qualifies as a "debt" as defined by FDCPA §1692a(5) as it arises out of a mortgage loan secured by Plaintiff to purchase his principal residence.

54. Ocwen qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

55. Ocwen violated 15 U.S.C. §§1692d, d(5), f, and f(1) through its collection efforts on the subject debt.

**a. Violation of FDCPA §1692d and §1692d(5)**

56. Ocwen engaged in abusive and oppressive conduct in violation of §1692d by relentlessly calling Plaintiff to collect on the subject debt, especially after the numerous times he asked for the calls to stop.

57. Ocwen violated §1692d(5) by causing Plaintiff's cellular phone to ring numerous times and repeatedly engaging him in conversations about the subject debt.

**b. Violation of FDCPA §1692f**

58. Ocwen violated §1692f by using unfair and unconscionable means to collect on the subject debt when it made hundreds of calls (if not over a thousand calls) to Plaintiff.

59. Ocwen violated §1692f(1) by illegally attempting to collect the subject debt by placing the numerous harassing phone calls to Plaintiff, especially after Plaintiff requested that the calls stop on multiple occasions.

60. As an experienced mortgage servicer, Ocwen knew or should have known the ramifications of calling Plantiff's cellular phone to collect on the subject debt after it was told on numerous occasions to stop doing so.

61. Ocwen knew or should have known to stop harassing Plaintiff.

62. Upon information and belief, Ocwen systematically attempts to collect debts by calling consumers after they have requested the calls to stop.

WHEREFORE, Plaintiff ROBERT MASON requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award the Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

Plaintiff demands trial by jury.

Dated: July 27, 2018                                Respectfully Submitted,

**/s/ Majdi Y. Hijazin**

Majdi Y. Hijazin, *Of Counsel*
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148
Phone (630)575-8181
Fax: (630)575-8188
mhijazin@hijazinlaw.com